**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-76-00262-001-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Tony Richard Hughes, | |
| Defendant. | |

On July 8, 1976, Defendant Tony Richard Hughes was sentenced to life imprisonment for the second-degree murder of a Navajo Indian on the Papago Indian Reservation. (Doc. 1; Doc. 20-1 at 2.)[1] On March 1, 2021, he filed a pro se Motion for Sentence Reduction. (Doc. 2.) The Court appointed counsel (Doc. 5), and counsel thereafter filed an Amended Motion for Sentence Reduction (Doc. 10) and a Motion for Correction of Illegal Sentence Under Former Federal Rule of Criminal Procedure 35 (Doc. 20). Counsel later withdrew the Amended Motion for Sentence Reduction. (Docs. 25, 26.)

**I.    Motion for Correction of Illegal Sentence**

Defendant moves for correction of an illegal sentence pursuant to former Federal Rule of Criminal Procedure 35. (Doc. 20.) He argues that his sentence is illegal and the Court had no jurisdiction to impose it because he was sentenced to a term of life under the Major Crimes Act, 18 U.S.C. § 1153 but he was not charged with that offense and did

---

[1] All record citations refer to the page numbers generated by the Court's electronic filing system.

not plead guilty to it. (*Id.* at 1-3, 5-6.) He asks the Court to correct his sentence under the version of Federal Rule of Criminal Procedure 35 in place at the time of his sentencing, which he contends allows for correction of an illegal sentence at any time. (*Id.* at 3-5.) Defendant further argues that former Rule 35 permits the Court not only the ability to correct an illegal sentence but also to grant compassionate release. (*Id.* at 6-9.)

In response, the Government argues that the reference to 18 U.S.C. § 1153 in Defendant's Judgment is merely a typographical error and does not render Defendant's sentence illegal. (Doc. 24 at 2.) The Government notes that 18 U.S.C. §§ 1152 and 1153 are merely jurisdictional statutes, and there was never any dispute regarding the Court's jurisdiction over Defendant's offenses when Defendant was charged or when he pled guilty and was sentenced. (*Id.* at 3.) The Government also argues that Defendant's Motion should be barred under the doctrine of latches due to Defendant's 45-year delay in making the argument contained in the Motion. (*Id.* at 2-3.) Finally, the Government urges the Court to reject Defendant's attempt to make a back-door argument for compassionate release in the form of a Rule 35 Motion and argues that Defendant has not presented any extraordinary and compelling reasons justifying compassionate release because every Bureau of Prisons prisoner has now been offered the COVID-19 vaccine. (*Id.* at 3.) The Government further argues that the factors set forth in 18 U.S.C. § 3553(a) weigh against release given the dangerous nature of Defendant's crimes. (*Id.* at 4.)

The Indictment in the above-captioned case charged Defendant with two counts of killing Navajo Indians on the Papago Indian Reservation on or about March 28, 1976, in violation of 18 U.S.C. §§ 1111 and 1152. (Doc. 20-1 at 2.) On June 14, 1976, Defendant pled guilty to Count One of the Indictment. (*Id.* at 3-4.) On July 8, 1976, Defendant was convicted based on his guilty plea of second-degree murder, but the Judgment states that he was convicted of "violating Title 18, United States Code, Sections 1111 and 1153, second degree murder, as charged in Count I of the Indictment." (Doc. 1 at 1.)

At the time in question, 18 U.S.C. § 1111 provided that "[w]hoever is guilty of murder in the second degree, shall be imprisoned for any term of years or for life." 18

U.S.C. § 1111 (1969). Section 1152, sometimes referred to as the Indian General Crimes Act, provided that "the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country," with the exception, in relevant part, of "offenses committed by one Indian against the person or property of another Indian." 18 U.S.C. § 1152 (1948); *see also United States v. Antelope*, 430 U.S. 641, 643 n.2 (1977). Section 1153, also known as the Indian Major Crimes Act, conferred federal jurisdiction over certain delineated offenses, including murder, committed by an Indian against another Indian within Indian country. 18 U.S.C. § 1153 (1968); *see also Antelope*, 430 U.S. at 642 n.1.[2]

The Indictment in the above-captioned case does not specify Defendant's status as an Indian or non-Indian. (*See* Doc. 20-1 at 2.) If Defendant is a non-Indian, then the Court had jurisdiction over his offense under 18 U.S.C. § 1152. If Defendant is an Indian, then the Court had jurisdiction under 18 U.S.C. § 1153, as murder is one of the offenses enumerated in that statute. Defendant suggests in his Motion that "it is possible" that it was illegal for him to plead to an offense under the General Crimes Act, noting that he has Choctaw heritage and his BOP medical records refer to him as American Indian. (Doc. 20 at 6 n.1.) Defendant concedes, however, that neither he nor his parents are enrolled with a federally recognized tribe. (*Id.*) The Presentence Report similarly reflects that Defendant has Choctaw Indian heritage but was never officially enrolled in that tribe.

"'[T]he Government need not allege the non-Indian status of the defendant in an indictment under section 1152, nor does it have the burden of going forward on that issue.'" *Bruce*, 394 F.2d at 1222 (quoting *United States v. Hester*, 719 F.2d 1041, 1043 (9th Cir. 1983)). Rather, the defendant must raise his Indian status and carry his burden of production on that issue in the nature of an affirmative defense. *Id.* at 1222-23. To

---

[2] Based on the interaction of these provisions, federal jurisdiction exists under § 1152 if a non-Indian perpetrator murders an Indian victim within Indian country, but if both the perpetrator and victim are Indians, jurisdiction exists instead under § 1153. *See United States v. Bruce*, 394 F.3d 1215, 1221 (9th Cir. 2005).

satisfy that burden, the defendant "must come forward with enough evidence of [his] Indian status to permit a fact-finder to decide the issue in [his] favor." *Id.*[3] If a defendant charged by indictment under § 1152 meets his burden of production regarding his Indian status, it is reversible error for the trial court to refuse to submit the issue to the jury. *Id.* at 1222-31.

During the trial proceedings in the present case, Defendant did not raise his Indian status, did not carry his burden of presenting sufficient evidence for a fact-finder to decide that issue in his favor, and did not contest jurisdiction under 18 U.S.C. § 1152. Instead, he pled guilty to violating 18 U.S.C. §§ 1111 and 1152, thereby conceding that jurisdiction under § 1152 was proper.

While an illegal sentence may be corrected at any time under former Federal Rule of Criminal Procedure 35, a defense based on lack of federal jurisdiction must be raised during the pendency of the case. Fed. R. Crim. P. 12(b)(2); *see also United States v. Heath*, 509 F.2d 16, 19 (9th Cir. 1974). Defendant did not contest jurisdiction at any point during the pendency of his case. Indeed, he waited 45 years before raising the arguments contained in his Motion to Correct Illegal Sentence. Even assuming without deciding that Defendant's arguments are timely, he is not entitled to relief under former Federal Rule of Criminal Procedure 35. Defendant's life sentence was lawful under 18 U.S.C. § 1111, and jurisdiction was proper under § 1152 given Defendant's failure to raise or carry his burden of production regarding his possible Indian status. The Judgment's reference to 18 U.S.C. § 1153 is merely a typographical error that does not render Defendant's sentence illegal.

Defendant raises an alternative argument that, in addition to permitting this Court

---

[3] "The term 'Indian' is not statutorily defined," but the "generally accepted test for Indian status considers (1) the degree of Indian blood; and (2) tribal or government recognition as an Indian." *Bruce*, 394 F.3d at 1223 (internal quotation marks omitted). "A person claiming Indian status must satisfy both prongs." *Id.* With respect to the second prong, "courts have considered, in declining order of importance, evidence of the following: 1) tribal enrollment; 2) government recognition formally and informally through receipt of assistance reserved only to Indians; 3) enjoyment of the benefits of tribal affiliation; and 4) social recognition as an Indian through residence on a reservation and participation in Indian social life." *Id.* (internal quotation marks omitted).

to correct an illegal sentence, former Federal Rule of Criminal Procedure 35 also permits this Court to grant compassionate release. (Doc. 20 at 6-9.) Former Federal Rule of Criminal Procedure 35 allows a court to "reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction," or "upon revocation of probation as provided by law." (Doc. 20-1 at 5.) In support of his argument for a sentence reduction under former Federal Rule of Criminal Procedure 35, Defendant relies on *United States v. Redwine*, No. 3:87CR70, 2020 WL 6829848 (E.D. Va. Nov. 20, 2020), a case in which the court reduced a defendant's sentence to time served under former Federal Rule of Criminal Procedure 35. *Id.* at *8. But *Redwine* is distinguishable because in that case there was no dispute as to the timeliness of the defendant's Rule 35 motion for a sentence reduction. *See id.* at 7 n.10. In the present case, a motion for reduction of sentence under former Federal Rule of Criminal Procedure 35 is untimely, as Defendant did not request such relief within 120 days after his sentence was imposed, within 120 days after issuance of a mandate upon resolution of an appeal, within 120 days after an order or judgment of the Supreme Court denying review or upholding the judgment, or upon revocation of probation. (Doc. 20-1 at 5.)

**II.     Pro Se Motion for Sentence Reduction**

Although Defendant withdrew his Amended Motion for Sentence Reduction, his pro se Motion for Sentence Reduction remains pending. The Government argues that Defendant is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) because that statutory provision does not apply to prisoners serving a sentence imposed before the effective date of the Sentencing Reform Act of 1984. (Doc. 19.)

The Ninth Circuit has held, based on clear statutory language, that 18 U.S.C. § 4205(g), rather than 18 U.S.C. § 3582(c)(1)(A), applies to defendants sentenced prior to the effective date of the Sentencing Reform Act of 1984. *United States v. Matta-*

*Ballesteros*, 843 Fed. App'x 892, 893-94 (9th Cir. 2021) (unpublished mem.).[4] Other circuits are in agreement. *See, e.g.*, *United States v. Jackson*, 991 F.3d 851, 855 (7th Cir. 2021) (same); *United States v. Wilkins*, 426 F. App'x 443, 445-46 (6th Cir. 2011) (unpublished) (same). Section 4205(g) allows courts to reduce a term of imprisonment only upon motion of the Bureau of Prisons. 18 U.S.C. § 4205(g).

Because Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), and the Court may reduce a term of imprisonment under 18 U.S.C. § 4205(g) only upon motion by the Bureau of Prisons, the Court will deny Defendant's pro se Motion for Sentence Reduction.

Accordingly,

**IT IS ORDERED** that Defendant's pro se Motion for Sentence Reduction (Doc. 2) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Correction of Illegal Sentence (Doc. 20) is **denied**.

Dated this 16th day of November, 2021.

_____
Honorable Rosemary Márquez
United States District Judge

---

[4] Although *Matta-Ballesteros* is an unpublished memorandum decision and thus not binding precedent, its reasoning is persuasive.